NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DANILLE BYFIELD., | |
| Plaintiff, | |
| v. | Civil No. 21-8854 (RBK/MJS) |
| ROBERT SHEERAN, ET AL., | **ORDER** |
| Defendants. | |

**KUGLER**, United States District Judge:

Presently before the Court is Plaintiff's Motion to Remand (Doc. No. 2) and Motion for Default Judgment (Doc. No. 4); and

**THE COURT NOTING** Rule 55 of the Federal Rules of Civil Procedure governs a motion for default judgment. *Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare, Vacation & Finishing Trades Inst. Funds v. Vill. Glass, Inc.*, No. CIV.A. 11-1023 ES CL, 2012 WL 209076, at *1 (D.N.J. Jan. 24, 2012). First, a party must request an entry of default be entered by the Clerk of the Court. Second, following the Clerk's entry of default, the party must submit a motion for default judgment to the Court; and

**THE COURT FURTHER NOTING** Where plaintiffs have failed to follow this procedure, courts have denied their motions for default judgment because an entry of default by the Clerk under Rule 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b). *See, e.g., Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d

Cir.2008) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); and

**THE COURT OBSERVING** that Plaintiff cites to *Comdyne* for the proposition that an entry of default is not required for the Court to grant a motion for default judgment. Plaintiff misstates the facts of this case and it does not even come close to supporting the proposition it is held out to represent. In *Comdyne*, the issue on appeal was whether the district court abused its discretion in striking the answer and counterclaim and entering a default judgment against the defendants. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1145, 1147 (3d Cir. 1990). The Third Circuit said nothing about whether an entry of default was required for a default judgment, and it did not have to because the clerk had entered default against the defendants for failure to answer to the amended complaint. *Id.* at 1145; and

**THE COURT FINDING** that Plaintiff's motion for default judgment is **DENIED** because she failed to request an entry of default prior to filing for default judgment. *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir.2008); and

**THE COURT FURTHER NOTING** both parties have stipulated to remand of this matter back to the Superior Court of New Jersey, Burlington County; therefore

**IT IS HERBEY ORDERED** that the case be remanded back to the Superior Court of New Jersey, Burlington County; and

**IT IS FURTHER ORDERED** that the Clerk of the Court enter this case as **CLOSED**.

Dated: 5/20/2021        /s/ Robert B. Kugler
                        ROBERT B. KUGLER
                        United States District Judge